EDWIN A. LOMBARD, Judge.
hThe plaintiff, James Dawson, appeals the district court judgment of February 23, 2015, granting summary judgment and dismissing with prejudice the State of Louisiana. After de novo review of the State’s motion for summary judgment and the plaintiff’s response in light of the applicable law and arguments of the parties, the judgment of the district court is affirmed.

Relevant Facts and Procedural History

On October 11, 2007, the plaintiff was injured when he stepped in a hole in the sidewalk in front of Charity Hospital on Tulane Avenue. The record before us indicates that the plaintiff filed suit on September 25, 2008, and named the “State of Louisiana, Medical Center of Louisiana at New Orleans (Charity Hospital and the Medical Center of Louisiana at New Orleans, including University Hospital at New Orleans), Louisiana State University Health Sciences Center-New Orleans, board of Supervisors of Louisiana State University and Agricultural and Mechanical College (hereinafter the State defendants are referred :to inclusively as “the State”), as well as the City of New Orleans (“the City”). The plaintiff alleged in his petition that on October 11, 2007, he was walking in a “careful prudent manner” when he “suddenly, unexpectedly and without warning [ ] fell to the ground due to a substantial break in the sidewalk.”
|2On October 16, 2008, the State filed its answer to the petition, denying the plaintiffs allegation, asserting statutory defenses, and alternatively averring that the *682 accident was due to the sole and/or contributory negligence of the plaintiff.[1]
On September 30, 2014, the State moved for summary judgment, asserting that it did not have custody or control over the public sidewalk where the plaintiffs injuries occurred and, concomitantly, pointing out that the plaintiff cannot prove that the State had custody or control over the public sidewalk where his injuries occurred as required by La. Rev. Stat. 9:2800.[2] In support, the State submitted the affidavit' of Frederick L. Wetekamm, III, an engineer, for the Louisiana Department of Transportation and Development responsible for the district encompassing the City of New Orleans, stating that the State had not conducted any activities in the vicinity of 1532 Tulane Avenue and, in fact, the State is only responsible for maintaining the State’s right of way on Tulane Avenue which begins two blocks beyond 1532 Tulane Avenue. Further, Mr. Wetekamm averred that the City was responsible for maintaining the sidewalks surrounding the property-located at 1532 Tulane Avenue. In addition, the State submitted the affidavit of Robert J. Arnold who oversaw the maintenance .department for „ Charity IsHospital at all times pertinent to the accident at issue. Mr. Arnold stated that the Charity Hospital maintenance staff conducted no activities on or negatively affecting the condition of the sidewalks in front of the building on Tulane Avenue at any time leading up to October 11, 2007, that he was unaware of any incidents involving the sidewalks surrounding the property during that period, and that the sidewalks around the property are maintained by the City.
On January 22, 2015, the plaintiff filed his opposition memorandum to the State’s motion for summary judgment.[3] The plaintiff asserts that the affidavits filed by the State lack, substance and relevancy and, thus, “the State cannot sustain its burden of proving it should be dismissed by summary judgment.” In addition, the plaintiff submits photographs of a sidewalk purportedly taken by his daughter eleven days after his alleged accident, as well as the depositions of Mr. Wetekamm and Mr. Arnold.
After a hearing on January 29, 2015,[4] the district court issue a judgment on Feb *683 ruary 23, 2015, granting summary judgment in favor of the State and dismissing the plaintiffs claims against the State with prejudice.
The plaintiff appeals this judgment.

Standard of Review

Appellate courts review motions for summary judgment de novo under the. same criteria that govern the trial court’s consideration of whether summary judgment- is appropriate. Lyncker v. Design Engineering, Inc., 2010-0740, p. 4 (La.App. 4 Cir. 10/20/10), 51 So.3d 137, 140 (citation omitted).
| ¿Law and Analysis
The sole issue in this appeal is whether the district court erred in granting summary judgment in favor of the State. The plaintiff frames his sole assignment of error in this matter as whether the district court erred as a matter of law in dismissing the State “When the State Failed To Produce Any Witnesses With Personal Knowledge Regarding Garde of the Area Where the Plaintiff Fell.”
. Summary judgment shall be rendered forthwith if the pleadingsj depositions, answers to interrogatories, and’ admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. Code Civ. Proc. art. 966(B). La. Code Civ. Proc. art. 966(C)(2) specifically provides:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to' establish■ that he will be able to satisfy his evidentiary ■burden of proof at trial, there is' no genuine issue of material fact, (emphasis added).
In this case, the plaintiff misapprehends the respective burdens of proof on summary judgment. The State did not need to negate all the elements of the plaintiff’s claim or to come forward with witnesses who had personal knowledge of the area. Rather, the State needed only to point out the absence of factual support for one of the elements underlying the plaintiff’s claim. The State pointed out that- .it did not have custody or control over the street or sidewalk near or around 1532 Tulane Avenue. At this point, the burden shifted to the plaintiff to |ficome forward with some evidence, that the State did have custody or control of the sidewalk where the accident occurred. The plaintiff failed to sustain this burden. The district court did not err in finding that, the State was entitled to summary judgment as a matter of law.

Conclusion

After de novo review, we find that the State of Louisiana is entitled to summary judgment as a matter of law. The judgment of the district court is affirmed.
AFFIRMED.

. The record indicates that the City filed its answer on September 6, 2013, denying the plaintiff’s allegations, asserting statutory and affirmative defenses, including the plaintiffs fault and negligence in stepping into the hole.

. The record indicates that the City filed its motion for summary judgment on September 29, 2014, pointing out that the plaintiff had not met its burden in showing that the City had actual or constructive notice of the defect in the sidewalk. In support of its motion the City attached an affidavit from an official in the City's Department of Public Works stating that there was no record of complaints for repair of the sidewalk regarding 1532 Tulane Avenue near Charity Hospital during the pertinent period. In addition, the City attached the plaintiffs deposition wherein the plaintiff stated that on the day of the accident he was walking along on Tulane avenue in front of Charity when "I come to this hole, not really deep, deep but it was fairly and I really, I could see the hole, but I didn't know — cautiously I stepped in. Because that’s the only way, there was a fence on one side and the street was on the otherside but I couldn't get over there. And I just walked through it. And as I stepped down in it, some concrete rolled and then I lost my balance.” According to the plaintiff, the hole he stepped into was “ about as wide as the sidewalk”... "about four or five feet” wide and “about four or five inches” deep.

. The plaintiff's opposition memorandum was in response to the motions filed by the State and'the City, but the only issue before us in this appeal is the summary judgmént in favor of the State and, accordingly, our narrative relates the plaintiff's arguments only as to the State.

. The record does not contain a transcript of the hearing.